**Dan BUCKLEY, Plaintiff–Appellant,**

v.

**CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Defendant–Appellee.**

No. 1224, Docket 96–9039.

United States Court of Appeals, Second Circuit.

Argued April 30, 1997.

Decided Oct. 8, 1997.

Robert David Goodstein, Goodstein & West, New Rochelle, NY (Eileen West, Helena H. Epstein, of counsel), for Plaintiff–Appellant.

Mary K. Schuette, New York, NY (Barbara Carey, Larry Carbone, of counsel), for Defendant–Appellee.

Before: KEARSE, CALABRESI, Circuit Judges, and SESSIONS, District Judge*.

CALABRESI, Circuit Judge:

This is an appeal from a judgment of the United States District Court for the Southern District of New York (Parker, *J.*) dismissing the plaintiff's complaint for failure to state a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101–12213.

There are in life many discriminations that are wrong and yet are not barred by federal

---

* The Honorable William K. Sessions, District Judge of the District of Vermont, sitting by desig-

nation.

law. With respect to these, defendants may behave in foolish, and occasionally even despicable, ways and still not subject themselves to federal sanctions. Other discriminations, though perhaps less egregious, are instead prohibited and made actionable by federal statutes. In the case before us, two discriminations are alleged by the plaintiff. One is obvious, but is not covered by federal law; the other is more subtle, and is, nonetheless, barred by the ADA.

Because the district court focused only on the first, we vacate its judgment and remand the case for further proceedings.

## I. BACKGROUND

■ In reviewing a motion to dismiss for failure to state a claim, we must accept as true the factual allegations of the complaint and draw all reasonable inferences in favor of the plaintiff. *See, e.g., Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir.1996). Viewed in this light, the facts alleged in the complaint are as follows.

The plaintiff, Dan Buckley, is a recovering drug and alcohol addict. He was employed by defendant Con Edison from February 1976 until July 1994. Buckley was identified as an alcohol and substance abuser in 1991, and he underwent treatment at a residential facility on two occasions, in March 1991 and February 1993. As a result of his status as a former addict, he was required by Con Edison to submit to random drug testing approximately once a month. Con Edison employees who are not former alcohol and substance abusers are randomly tested about once every five years.

Buckley also suffers from a medical condition known as a neurogenic bladder, which makes it difficult for him to urinate in public or on command. As a result, it usually takes him several hours to produce a urine sample. On June 24, 1994, Buckley was ordered to report to Con Edison's medical facility for a drug test. Though he did provide a blood sample (which, in the current posture of the case, we must assume is as good as a urine sample for detecting drug use), Buckley was unable to produce a urine specimen in the time allotted. He asked for additional time,

but his request was denied. Shortly after, he went on his own to Beth Israel Hospital and paid to have a urine sample taken. He then had the results of the test forwarded to Con Edison. Nevertheless, on July 1, 1994, Buckley was fired by Con Edison because he was a former drug and alcohol addict who had failed to provide a urine sample in the time allotted.

Buckley filed suit in federal court, alleging that Con Edison had violated the ADA, 42 U.S.C. § 12101–12213, and the New York Human Rights Law, N.Y. EXEC. LAW § 296 (McKinney 1993). Con Edison moved pursuant to Rule 12 of the Federal Rules of Civil Procedure to dismiss Buckley's amended complaint. The district court granted the motion, holding that Buckley had failed to state a claim under the ADA. Having dismissed Buckley's federal cause of action, the district court declined to exercise supplemental jurisdiction over his pendent state law claims. Buckley now appeals.

## II. DISCUSSION

The ADA prohibits employers from discriminating "against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a). To state a claim under the ADA, therefore, Buckley must allege facts sufficient to support a finding that: a) he is a qualified individual with an ADA-covered disability; and b) Con Edison discriminated against him because of his disability.

### A. The ADA's Definition of Disability Includes Recovering Drug Addicts

■ The statute defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." *Id.* § 12101(2). Buckley concedes that his neurogenic bladder condition is not a disability under the ADA. He argues, however, that being a recovering drug addict is a disability. We agree.

Section 12114 addresses the status of drug and alcohol users, providing that "the term

'qualified individual with a disability' shall not include any employee or applicant who is currently engaging in the illegal use of drugs, when the covered entity acts on the basis of such use." The statute, however, expressly states that individuals who *formerly* used illegal drugs, but who have completed a drug rehabilitation program and are no longer using drugs, are not excluded from its coverage. *Id.* § 12114(b). But while former drug users are not *barred* from invoking the Act's protection, they, like everyone else making a claim under the ADA, are required to demonstrate that they have a "disability" covered by the Act. They must, for example, show that they have an impairment that "substantially limits one or more ... major life activities." *Id.* § 12102(2)(A). And the mere status of being a recovering alcohol or substance abuser does not, on its face, appear to amount to such a limitation. That does not dispose of Buckley's claim, however, because under § 12102(2)(B), a plaintiff may also demonstrate a disability by proving that he has a "record of such an impairment." Thus, if drug or alcohol addiction is an impairment under § 12102(2)(A), recovering addicts, so long as they are not currently using drugs, will automatically be covered under § 12102(2)(B) for having a *record* of drug addiction.

Other circuits have deemed alcohol or drug addiction to be an impairment that "substantially limits one or more ... major life activities" and therefore qualifies as a disability under the ADA. *See, e.g., Miners v. Cargill Communications, Inc.,* 113 F.3d 820, 823 n. 5 (8th Cir.1997) (recognizing that alcoholism is a disability for purposes of the ADA); *Office of the Senate Sergeant at Arms v. Office of Senate Fair Employment Practices,* 95 F.3d 1102, 1105 (Fed.Cir.1996) (stating that "it is well-established that alcoholism meets the definition of a disability" under the ADA).

We, moreover, have previously held that "substance abuse is a 'handicap' for purposes of the Rehabilitation Act," *Teahan v. Metro–North Commuter R.R. Co.,* 951 F.2d 511, 517

(2d Cir.1991). And this is highly relevant since the ADA states that "[e]xcept as otherwise provided in this chapter, nothing in this chapter shall be construed to apply a lesser standard than the standards applied under title V of the Rehabilitation Act of 1973 (29 U.S.C. § 790 et seq.) or the regulations issued by Federal agencies pursuant to such title." 42 U.S.C. § 12201(a). Similarly, in another case, we assumed that alcoholism was a covered disability under the ADA when we held that a hospital's offer of a position with reduced responsibilities to an alcoholic physician was a reasonable accommodation of his disability under the ADA. *See Altman v. New York City Health & Hosps. Corp.,* 100 F.3d 1054, 1059 (2d Cir. 1996).

Furthermore, the legislative history of the ADA also indicates that the law was intended to apply to recovering addicts. The committee reports state that the term "physical or mental impairment" includes, *inter alia,* "drug addiction[ ] and alcoholism." H.R.Rep. No. 101–485(II), at 51 (1990), *reprinted in* 1990 U.S.C.C.A.N. 303, 333; *accord* H.R.Rep. No. 101–485(III), at 28 (1990), *reprinted in* 1990 U.S.C.C.A.N. 445, 451; S.Rep. No. 101–116, at 22 (1989), *available in* WESTLAW, ADA–LH database. The reports also make clear that "[i]n removing protection for persons who currently use illegal drugs, the Committee does not intend to affect coverage for individuals who have a past drug problem or are erroneously perceived as having a current drug problem." H.R.Rep. No. 101–485(II), at 77.

Finally, the Equal Opportunity Employment Commission's Americans With Disabilities Act, Title I Technical Assistance Manual ("EEOC Manual") states that "[p]ersons addicted to drugs, but who are no longer using drugs illegally and are receiving treatment for drug addiction or who have been rehabilitated successfully, are protected by the ADA from discrimination on the basis of past drug addiction." *Id.* § I–8.5.[1]

---

1. EEOC interpretive guidelines "while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance." *Meritor Sav.*

*Bank, FSB v. Vinson,* 477 U.S. 57, 65, 106 S.Ct. 2399, 2404, 91 L.Ed.2d 49 (1986) (quoting *General Elec. Co. v. Gilbert,* 429 U.S. 125, 141–42, 97 S.Ct. 401, 411, 50 L.Ed.2d 343 (1976) (internal quotation marks omitted)).

■ In this respect, it is important to emphasize that past drug *addiction,* not merely past use, is required to make out a claim under the ADA. *See* EEOC Manual § I–8.5 ("[A] person who casually used drugs illegally in the past, but did not become addicted is not an individual with a disability based on the past drug use. In order for a person to be 'substantially limited' because of drug use, s/he must be addicted to the drug.") In order to prevail at trial, Buckley therefore must demonstrate that he was actually addicted to drugs or alcohol in the past, and that this addiction substantially limited one or more of his major life activities. *Cf. Burch v. Coca–Cola Co.,* 119 F.3d 305, 316–17 (5th Cir.1997) (holding that recovering alcoholic had not established that he had a disability under the ADA where he produced no evidence that his addiction had interfered with major life activities or that "the effects of his alcoholism-induced inebriation were qualitatively different than those achieved by an overindulging social drinker"). The references in Buckley's complaint to his history of "dependence" on drugs and alcohol can fairly be read to allege such a past addiction. Accordingly, Buckley has successfully made out the first prong of his claim for the purposes of this Rule 12(b)(6) motion: he has alleged that he is a qualified individual with an ADA-covered disability, namely a record of past drug and alcohol addiction that impaired one or more of his major life activities.

## B. Differential Frequency in Drug Testing of Recovering Addicts Is Unlawful Under the ADA in the Absence of Reasonable Accommodations

■ Buckley's complaint, however, is not yet out of the woods, for in it he must also allege facts sufficient to support a finding that he was discriminated against on the basis of his disability. We believe that he has done so.

The ADA provides that it is not a violation of the statute for an employer to "adopt or administer reasonable policies or procedures, including but not limited to drug testing, designed to ensure that [former drug users are] no longer engaging in the illegal use of drugs." 42 U.S.C. § 12114(b). Thus, it is not unlawful for employers to require that their employees take drug tests. Nor is it illegitimate for employers to require that employees with a history of addiction submit to more frequent testing than other employees. But, for the reasons discussed below—in the absence of reasonable accommodations "to the known physical or mental limitations of an otherwise qualified individual with a disability," 42 U.S.C. § 12112(b)(5)(A)—the differential frequency of the particular type of drug testing to which addicts and non-addicts are subjected by Con Edison does, in the circumstances before us, constitute a violation of the ADA.

There are two potentially discriminatory results of Con Edison's urine test requirement. One of these does not violate the ADA. The other does, *prima facie.* The first, and more obvious, discrimination is that the test treats people who have neurogenic bladders differently from those who do not. Employees with neurogenic bladders will be fired because they cannot provide urine samples. Workers with normal bladders will, instead, be able to provide the required samples and thus will not be fired (assuming that they test negative for current drug use). Since the plaintiff concedes that a neurogenic bladder is not a "disability" within the meaning of the ADA, however, he cannot claim that differential treatment based on that condition violates the Act. It is on this "unprohibited" differential treatment that the district court, understandably, focused in dismissing Buckley's complaint.

There is, however, a second way of describing what occurred. Con Edison's policy treats those employees who have neurogenic bladders and who are recovering drug addicts differently from those employees who have neurogenic bladders and who are not recovering drug addicts. Recovering addicts are, appropriately, required to take a drug test approximately once a month, while employees without a record of addiction are only tested, on average, once every five years. Given the test that Con Edison uses, the neurogenic bladder employees who are recovering addicts will be fired after one month, regardless of drug use. The neuro-

genic bladder employees who are not recovering addicts will also be fired regardless of drug use, but only after an average of five years.[2] This differential treatment discriminates on the basis of an ADA-covered disability (being a recovering addict) and therefore constitutes a prima facie violation of the ADA if a reasonable accommodation for the "known physical or mental limitations of an otherwise qualified individual with a disability" is available. 42 U.S.C. § 12112(b)(5)(A).

An employer is not required to make accommodations if it can demonstrate that doing so "would impose an undue hardship on the operation of the business of such covered entity." *Id.* Requiring Con Edison to change the frequency of testing for either non-addicts or addicts would likely impose an undue hardship on its business because maintaining a drug-free workplace is a legitimate and important goal explicitly sanctioned by the ADA, while frequent testing of non-addicts is almost certainly too disruptive. But in this case, plaintiff suggests that there is an alternative, which on a 12(b)(6) motion we must accept as reasonable. The alternative focuses not on Buckley's ADA-covered disability (being a recovering addict) but on his bladder condition. Employees with neurogenic bladders who are recovering addicts can be accommodated either by allowing them more time to urinate or by permitting them to submit blood rather than urine samples. In evaluating the reasonableness of this accommodation, it is important to note that Buckley is subject to dismissal some five years earlier than others who suffer from the same bladder condition *only because of* his ADA-covered disability (being a recovering addict). For it is this disability that makes frequent public urination on command a condition of his employment. As a result, although the remedy might seem to respond to his bladder condition, what is truly being accommodated is Buckley's disability that derives from his status as a recovering addict. It follows that Con Edison's refusal to make

this type of accommodation is a violation of the ADA.

Since Buckley would, like other employees with neurogenic bladders who are not recovering drug addicts, be fired by Con Edison after approximately five years of service, he cannot recover fully for his dismissal. The damages that flow from the alleged ADA violations are, in this case, limited to those arising from his premature dismissal. If Buckley proves the facts that he has alleged, however, these damages are recoverable.

\* \* \*

Accordingly, the judgment of the district court dismissing Buckley's complaint is VACATED and the case is REMANDED for further proceedings consistent with this opinion.

KEARSE, Circuit Judge, dissenting:

With all due respect, I must dissent. The majority, in reinstating the amended complaint of plaintiff Dan Buckley against defendant Consolidated Edison Company of New York, Inc. ("Con Edison"), under the Americans with Disabilities Act of 1990 ("ADA" or the "Act"), 42 U.S.C. §§ 12101–12213 (1994), rules that an employer violates the ADA by failing to accommodate a condition that is not a disability within the meaning of the Act and by conducting drug/alcohol tests of employees who are known former addicts more frequently than it tests other employees. In my view, the majority has failed to apply the plain terms of the Act.

The ADA prohibits an employer from discriminating in, *inter alia*, terms or conditions of employment, against "a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a). Even assuming the correctness of the majority's ruling that "being a recovering drug addict is a disability" within the meaning of the ADA, Majority Opinion *ante* at 272, I see

---

2. It is not altogether clear from the record how frequently non-addict employees are tested. If they are tested randomly, but on average every five years, or are tested on the approximate fifth anniversary of employment or past test, then non-addict employees with neurogenic bladders will be fired some five years after recovering

addict employees with neurogenic bladders. If instead the test for non-addicts is random, but at least once every five years, recovering addicts with neurogenic bladders will be dismissed approximately two and a half years before non-addicts.

two critical flaws in the majority's conclusion that Buckley stated a valid claim under the Act.

First, a plaintiff does not state a claim under the ADA unless he alleges that the discrimination was "because of the disability." 42 U.S.C. § 12112(a). Further, although the Act defines discrimination to include the employer's not making reasonable accommodation for a known physical or mental limitation of an otherwise qualified individual with a disability, *see id.* § 12112(b)(5)(A), it does not require employers to accommodate an impairment that neither constitutes nor results from a disability within the meaning of the Act, *see, e.g.,* EEOC Guidelines, 29 C.F.R. pt. 1630, App. § 1630.9 (1996) ("[e]mployers are obligated to make reasonable accommodation *only* to the physical or mental limitations *resulting from the disability*" covered by the Act and known to the employer (emphasis added)). Although often an employer's motivation presents a factual issue that cannot be decided prior to trial, the motivation alleged here is legally insufficient.

In the present case, Buckley, a recovering substance abuser, alleged that he was discharged because he failed to produce a urine sample during a supervised drug test. The amended complaint alleged that Con Edison subjected employees previously identified as substance abusers to random testing on the average of once every 25 days (Amended Complaint ¶ 6); that "[t]o accomplish this alcohol/drug testing, plaintiff was required to provide a urine specimen under observation and, on occasion, to strip naked to provide said urine specimen" (*id.*); that his employment "was terminated because he was unable to urinate on command and supply a sample to defendant's drug testing doctor" (*id.* ¶ 7); that that inability resulted from a neurogenic bladder condition, which caused Buckley to "suffer[ ] from an inability to urinate, particularly in public or on command" (*id.* ¶ 11); that Con Edison "fail[ed] ... to reasonably accommodate him by extending the time allowed for him to urinate" (*id.* ¶ 10); and that therefore "the drug test at bar was 'unreasonable'" (*id.* ¶ 18). There is no suggestion that Buckley's inability to produce a urine sample under supervision was related to his recovering-substance-abuser status; and his amended complaint states expressly that his neurogenic bladder condition "is *not* claimed as a disability pursuant to the [ADA]." (*Id.* ¶ 11 (emphasis in original).)

Thus, Buckley's claim was that he was discharged not because he was a recovering addict but because his neurogenic bladder condition prevented his compliance with Con Edison's drug testing program; he claimed not that his status as a recovering addict was not accommodated, but that his unrelated bladder condition was not accommodated. Since the inability to urinate under supervision or in public neither is nor results from a disability within the meaning of the ADA, and it is that inability that Con Edison refused to accommodate and that caused the termination of Buckley's employment, I would conclude that Buckley has not stated a claim under the Act.

Second, the majority implicitly rules that Con Edison discriminated against Buckley because of his recovering-substance-abuser status because it tests such employees more frequently than it tests employees who have neurogenic bladder conditions but who are not recovering substance abusers. The ADA provides, however, that "reasonable policies or procedures, including ... drug testing, designed to ensure that a former substance abuser is no longer engaging in the illegal use of drugs" "shall not be a violation of [the Act]." 42 U.S.C. § 12114(b). Since it is not an ADA violation for an employer to administer reasonable drug tests to former substance abusers without administering any tests to other employees, it logically cannot be a violation for employers to administer such tests to both former abusers and nonabusers, but simply to test the former more frequently.

Although the majority quotes § 12114(b) and goes on to say, correctly, that it is "[n]o[t] ... illegitimate for employers to require that employees with a history of addiction submit to more frequent testing than other employees," Majority Opinion *ante* at 274, it then proceeds to disregard this principle. It finds that Con Edison is validly alleged to have engaged in ADA-prohibited

discrimination because recovering addicts are "required to take a drug test approximately once a month, while employees without a record of addiction are only tested, on average, once every five years"; thus "the neurogenic bladder employees who are recovering addicts will be fired after one month," while "neurogenic bladder employees who are not recovering addicts will instead be fired after an average of five years"; and that "[t]his differential treatment discriminates on the basis of an ADA-covered disability (being a recovering addict) and therefore constitutes a prima facie violation of the ADA"—unless reasonable accommodation is made for employees with the neurogenic bladder condition. Majority Opinion *ante* at 274. Even bypassing this last flaw that, as discussed above, an employer is not required by the Act to make accommodation for a condition that neither is nor results from a disability within the meaning of the Act, the majority's rationale boils down squarely to a ruling that there is impermissible discrimination against recovering addicts because of the greater frequency of testing. Its conclusion that a recovering addict with a neurogenic bladder condition is the victim of such discrimination because he will be fired after one month, whereas the otherwise similarly situated non-abuser with a neurogenic bladder condition will be fired after five years, is based solely on the fact that the recovering addict is tested once a month rather than once a lustrum. More frequent testing of former drug abusers is, however, permissible under the Act.

In sum, the amended complaint does not allege that Buckley was discharged because he was a recovering addict; does not allege that Con Edison failed to make accommodation for his status as a recovering addict; and does not allege that random testing of known former substance abusers on the average of once every 25 days is unreasonable. It alleges instead that Buckley was discharged because Con Edison unreasonably refused to accommodate Buckley's neurogenic bladder condition, *i.e.*, that it refused to accommodate a condition that neither is nor results from a disability covered by the ADA. I would thus affirm the dismissal for failure to state a claim on which relief can be granted under the Act.