UNITED STATES COURT OF APPEALS
                                                  FOR THE FIRST CIRCUIT
                                                   ____________________
                   No. 97-1397
                                                          MICHAEL EVANS,
                                                  Plaintiff, Appellant,
                                                                         v.
                                         FEDERAL EXPRESS CORPORATION,
                                                   Defendant, Appellee.
                                                   ____________________
                     APPEAL FROM THE UNITED STATES DISTRICT COURT
                                   FOR THE DISTRICT OF MASSACHUSETTS
                  [Hon. Richard G. Stearns, U.S. District Judge]
                                                   ____________________
                                                                    Before
                                                Torruella, Chief Judge,
                                        Coffin, Senior Circuit Judge,
                                           and Boudin, Circuit Judge.
                                                   ____________________
Sanford A. Kowal for appellant.
James J. Rooney with whom Robert P. Joy, Morgan, Brown & Joy, and
                   Colby S. Morgan, Jr., Senior Attorney, Federal Express Corporation, were
                   on brief for appellee.
                                                   ____________________
                                                         January 9, 1998
                                                   ____________________
            BOUDIN, Circuit Judge.                                          Michael Evans brought suit in
state court charging his former employer, Federal Express
Corporation, with handicap discrimination under Massachusetts
law. After removal and limited discovery, the federal district
court granted summary judgment in favor of Federal Express.
Evans now appeals. As Evans was the non-moving party, we set
forth the version of events most favorable to him. Morrissey
v. Boston Five Cents Sav. Bank, 54 F.3d 27, 31 (1st Cir. 1995).
            Federal Express hired Evans at the beginning of 1989 as a
part-time freight handler at its Logan Airport facility in
Boston. Evans' supervisor then, and throughout his tenure, was
Kenneth Pierce. In 1991, Pierce approved a four-week leave of
absence for Evans to enter a residential drug-treatment program
for cocaine abuse at a New Hampshire hospital, the cost of
which was paid by Evans' health insurance provided by the
company.
            When Evans entered the hospital program in 1991 to treat
his cocaine addiction, he already had (in his own words) "a
problem with alcohol." Whether he was treated for alcoholism
at the hospital is unclear, but according to Evans, he learned
there about alcoholism, and when he left the hospital, he
entered an Alcoholics Anonymous program.                                                                   Evans says that he
did           not           drink              for          approximately                          a        year             thereafter.
            In late 1992, Evans was warned by Pierce that his
                                                                        --22--
attendance record had become unsatisfactory. Within the next
six months, Evans twice failed to report and was given a
written warning on March 10, 1993; Evans says that these were
ordinary sick days. In all events, in 1993, Evans was promoted
to full-time status with Pierce's approval. Then, in or around
November 1993, Evans was absent from work on account of his
arrest in a matter unrelated to Federal Express. On February
16, 1994, Evans was again absent from work and failed to notify
Pierce in advance, as required by company policy.
            The following day Evans did appear and told Pierce that he
wanted a further leave of absence to enter an alcohol
rehabilitation program. According to Evans, Pierce had known
since 1991 of Evans' alcoholism.                                                       After discussing the leave
request with Evans, Pierce refused it, citing the heavy
workload                 and          Evans'              previous                  four-week                   leave             for         drug
rehabilitation. Pierce did give Evans two additional days of
leave. Evans made no further leave request to Pierce, nor did
he seek review of the matter at any higher level of Federal
Express' management.
            Evans was issued a new written warning because of his
February 16 absence, and thereafter submitted a statement
promising to comply with company leave policy in the future.
However, in late February and again in early March 1994, Evans
failed to show up for work or give advance notice. This led to
a "last chance" written warning to Evans on March 10, 1994.
                                                                        --33--
Two days later, Evans again was absent from work without prior
notice. On March 15, 1994, he was suspended with pay pending
investigation and, under threat of discharge, Evans submitted
a letter of resignation.
            In         June            1994,             Evans             filed             a       complaint                   with            the
Massachusetts Commission Against Discrimination, charging that
Federal Express had discriminated against him because of a
handicap--alcoholism--in violation of M.G.L. ch. 151B, § 4(16)
which makes it unlawful
                         [f]or any employer . . . to dismiss from
                         employment . . . or otherwise discriminate
                         against, because of his handicap, any
                         person               alleging                   to         be          a        qualified
                         handicapped person, capable of performing
                         the essential functions of the position
                         involved with reasonable accommodation,
                         unless the employer can demonstrate that
                         the accommodation required to be made to
                         the physical or mental limitations of the
                         person would impose an undue hardship to
                         the employer's business.
Evans then pursued his claim in Massachusetts Superior Court.
            Federal Express removed the case to federal court on
grounds of diversity, and in due course moved for summary
judgment.                   On February 6, 1997, the district court entered a
memorandum and order granting the company's motion for summary
judgment. The court said that Evans was discharged because his
repeated, unexcused absences made him unqualified and not
because he was an alcoholic. The district court also said that
there was nothing that required Federal Express to give Evans
"yet another opportunity to seek treatment" after "indulg[ing]
                                                                        --44--
Evans' errant work habits well beyond anything that the law
could reasonably expect."
            On Evans' appeal, we review the grant of summary judgment
de novo, accepting Evans' version of all admitted or reasonably
disputed facts. Sargent v. Tenaska, Inc., 108 F.3d 5, 6 (1st
Cir. 1997). Massachusetts defines handicap to mean "a physical
or mental impairment which substantially limits one or more
major life activities of a person," a record of having such an
impairment, or being regarded as having such an impairment.
M.G.L. ch. 151B, § 1(17).                                             Federal Express does not dispute
that             alcoholism                      constitutes                        a        "handicap"                      under               the
Massachusetts statute.
            The Massachusetts statute was based on the Federal
Rehabilitation Act, 29 U.S.C. § 701 et seq. The latter, like
the later Americans with Disabilities Act, 42 U.S.C. § 12101 et
seq., defines "disability" in words similar to "handicap" under
the Massachusetts statute.                                              And case law under both federal
statutes treats alcoholism as a covered disability.                                                                                         E.g.,
Buckley v. Consolidated Edison Co. of New York, 127 F.3d 270,
273 (2d Cir. 1997) (ADA); Leary v. Dalton, 58 F.3d 748, 752
(1st Cir. 1995) (Rehabilitation Act).
            For purposes of summary judgment, we accept Evans' claim
              Both federal statutes also contain separate provisions
dealing separately and less favorably with alcoholism and
drug abuse. See 29 U.S.C. § 706(8)(c)(v); 42 U.S.C. §
12114(c). These provisions, by no means easy to interpret,
have no counterpart in the Massachusetts statute.
                                                                        --55--
that he was an alcoholic and that his employer--through
Pierce's knowledge--knew of Evans' alcoholism; there was also
some evidence that Pierce knew that Evans' absences were
connected with alcohol.                                      Finally, on Evans' version of events,
his resignation was involuntary, being induced by an explicit
threat of discharge.                                    See GTE Products Corp. v. Stewart, 653
N.E.2d 161, 168 (Mass. 1995).
            This brings us to the company's main arguments for summary
judgment.                    The Massachusetts statute protects a "qualified"
person against discharge or other discrimination "because" of
a handicap.                          Federal Express argues that Evans was "not
qualified for his job in view of his inability to conform to
the attendance requirements."                                                        It also says that Evans'
"alleged constructive discharge" was the result, not of his
alcoholism but of his repeated abuse of the company's
attendance policies.
            The first argument is answered by the statute itself.
True, the statute requires that the handicapped person be
"qualified," and Evans does not dispute that regular attendance
is a reasonable job requirement. Nor does he claim to have met
the requirement.                                  But the statute also equates the word
"qualified" with being "capable of performing the essential
              The district court opinion questioned whether Pierce
even knew that Evans' absences were connected to his
alcoholism. However, Evans testified in his deposition that
his request for leave was made in connection with his
February 16 failure to report.
                                                                        --66--
functions                    of          the            position                   involved                   with             reasonable
accommodation." M.G.L. ch. 151B, § 4(16) (emphasis added).
            Evans' position is that he would have been able to attend
his job regularly--and would therefore have been a "qualified
person"--had he been given a second leave of absence for
rehabilitation in order to overcome his alcoholism. If this is
so, and if such a leave is a "reasonable" accommodation to
extract from the company, Evans' lack of qualification while an
alcoholic likely is not a complete defense for the company.
See Labonte v. Hutchins & Wheeler, 678 N.E.2d 853, 859 (Mass.
1997).
            The company's other argument--that Evans was not fired
because of his alcoholism--is more troublesome for Evans.
Evans does not claim that the company was generally hostile to
alcoholics or made stereotype judgments about their potential
abilities. See Cox v. New England Tel. & Tel. Co., 607 N.E.2d
1035, 1041 (Mass. 1993). Even on summary judgment the record
permits no doubt that the immediate, subjective reason for the
company's suspension of Evans was its concern with his
absences. This is borne out by Evans' history of absences and
warnings and the lack of any suggestion of pretext.
            At first blush, this might seem to be conclusive against
Evans, not least because a number of cases have upheld the
discharge of alcoholics based on their misconduct.                                                                                          These
include not only cases under the federal statutes but, even
                                                                        --77--
more in point, Garrity v. United Airlines, Inc, 653 N.E.2d 173
(Mass. 1995).                        There the court upheld dismissal of a handicap
suit by an airline attendant whose addiction to alcohol led to
a disruption during flight.
            But in Garrity and most of the federal cases, there is no
indication that the employee had made a timely request for a
reasonable accommodation that would have prevented the conduct.
If the employee had done so, the firing might still be regarded
as one "because" of a handicap or at least "because" of the
denial.                   Otherwise, an employer could always withhold a
reasonable accommodation needed by the worker and then
discharge the worker "because" of inadequate performance.
Teahan v. Metro-North Commuter R. Co., 951 F.2d 511 (2d Cir.
1991).
            We are uncertain as to how the Massachusetts courts would
resolve this issue; notions of "cause" are notoriously flexible
and often conceal underlying choices of policy.                                                                                 Nor is it
crystal clear whether Evans' request would be deemed timely.
He made it only after several absences, well after one warning,
and after the conduct that prompted the second warning. On the
other hand, Evans says that the earlier absences are explained
and were not the basis for his discharge.
            We need not resolve such issues in this case because we
              See Mararri v. WCI Steel, Inc., ___ F.3d ____ (6th Cir.
1997); Little v. FBI, 1 F.3d 255 (4th Cir. 1993); Newland v.
Dalton, 81 F.3d 904 (9th Cir. 1995).
                                                                        --88--
agree with the district court's final ground for summary
judgement, namely, that the company was not obliged to give
Evans' a second leave of absence for substance abuse.                                                                                       Evans
had already been given a month's leave to deal with cocaine
addiction.                     His present claim rests on the view that in his
circumstances a second leave to treat alcoholism was an
obligatory reasonable accommodation. The district court said
it was not, and we agree.
            One element in the reasonableness equation is likelihood
of success; and recoveries from substance abuse or addiction on
one try are notoriously chancy. See Whitlock v. Donovan, 598
F. Supp. 126, 134 (D.D.C. 1984), aff'd sub nom. Whitlock v.
Brock, 790 F.2d 964 (D.C. Cir. 1986).                                                          Here, Evans had already
made one effort to deal with alcoholism at the time of his
cocaine treatment and had not succeeded.                                                                   It is one thing to
say that further treatment made medical sense, and quite
another to say that the law required the company to retain
Evans through a succession of efforts.
            Evans says that after he was discharged, he did undergo
treatment and now holds down a job; but the company is entitled
to be judged on what it knew at the time or could reasonably
foresee (and for all we know the shock of the discharge is what
helped Evans shape up). Nor does it matter if, as Evans says,
the company sometimes gave multiple leaves.                                                                        Federal Express
was quite free to go beyond what the law requires, nor should
                                                                        --99--
it be discouraged from doing so.
            Under federal law, it is close to an open issue whether a
private company is ever required to provide a leave of absence
to treat alcohol abuse; and the only case saying yes,
overriding an EEOC statement to the contrary, stressed that
this was the employee's first request.                                                                           Even in a more
sympathetic setting--a treatment for cluster migraines likely
to achieve a remission for a substantial period--the Ninth
Circuit declined to endorse multiple leaves.                                                                                    Kimbro v.
Atlantic Ritchfield Co., 889 F.2d 869, 879 n.10 (9th Cir.
1989).
            The Massachusetts SJC does not appear to have addressed
the issue of leaves for treatment of alcoholism. But its other
decisions on reasonable accommodation are noticeably reluctant
to insist on very much from employers in the face of real
doubts whether the accommodation will solve the problem. See
Beal v. Board of Selectmen of Hingham, 646 N.E.2d 131, 137
(Mass. 1995); Cox v. New England Tel. & Tel. Co., 607 N.E.2d
1035, 1043 (Mass. 1993).                                              As a diversity court, we cannot
stretch state law on this issue even if we wished to do so.
              See Schmidt v. Safeway, Inc., 864 F. Supp. 991 (D. Or.
1994). But see Mararri criticizing Schmidt, and EEOC,
Technical Assistance Manual on the Employment Provisions (I)
of the ADA § 8.7, at VIII-5 (Jan. 28, 1992), quoted in B.
Tucker, Federal Disability Law in a Nutshell 72 (1994).
Federal case law is more favorable to government employees
because the Rehabilitation Act was initially read to impose
special affirmative obligations. Rodgers v. Lehman, 869 F.2d
253, 258-9 (4th Cir. 1989).
                                                                       --1100--
            Affirmed.
                                                                       --1111--