Vincent M. SCERAVINO,
Plaintiff–Appellant,

v.

Janet RENO, U.S. Attorney General, Department of Justice, Federal Bureau of Investigation, Defendants–Appellees.

No. 00–6278.

United States Court of Appeals,
Second Circuit.

May 8, 2001.

88

Appeal from the United States District Court for the Eastern District of New York, Hurley, J.

Vincent M. Sceravino, Central Islip, NY, pro se.

Carolyn Lisa Miller, Assistant United States Attorney; Varuni Nelson and Richard Weber, Assistant United States Attorneys, on the brief, for Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, NY, for appellee.

Present LEVAL, SACK and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

After plaintiff Vincent M. Sceravino was refused employment by the Federal Bureau of Investigation (FBI), he brought this lawsuit under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Rehabilitation Act of

1973, 29 U.S.C. § 701 *et seq.*, and the Equal Protection Clause of the United States Constitution. The district court granted summary judgment, dismissing his claims, and the plaintiff appealed. We find no error and affirm.

As to the plaintiff's claim under that ADA, the Act does not apply to agencies of the United States government. *See* 42 U.S.C. §§ 12111(2), 12111(5)(B)(i). As to his claim under the Rehabilitation Act, the plaintiff did not specify whether his allegations were based on a physical disability or his drug use. If his allegations are based on a physical disability, his claim fails because he did not present evidence that he was rejected based on a physical disability. If his allegations are based on his drug use, his claim fails because his drug use did not qualify as a disability under the Rehabilitation Act. *See Buckley v. Consolidated Edison Co.,* 127 F.3d 270, 273 (2d Cir.1997), *vacated on other grounds,* 155 F.3d 150 (2d Cir.1998) (in banc); EEOC Technical Assistance Manual § I–8.5. Insofar as his claims are based on the Equal Protection Clause, the plaintiff has failed to show that the FBI's policy of not hiring people who have used drugs more than 15 times is irrational or that the FBI applied that policy to him differently than it did to other people. *See Able v. United States,* 155 F.3d 628, 631 (2d Cir. 1998).

The grant of summary judgment is hereby affirmed.