SUMMARY ORDER

Appellant Anna Mastrolillo, pro se, appeals a judgment of the district court granting Appellee State of Connecticut, Norwalk Community College’s motion for summary judgment and dismissing her employment discrimination complaint. The district court construed her complaint as raising claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (“Title VII”), and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to 12117 (“ADA”). We assume the parties’ familiarity with the underlying facts, procedural history of the ease, and issues on appeal.
We review orders granting summary judgment de novo and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir.2003). In determining whether there are genuine issues of material fact, we are “required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.” Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir.2003) (internal quotation marks omitted).
With respect to Mastrolillo’s gender discrimination claim, Title VII makes it unlawful for an employer “to discharge any individual ... because of such individual’s ... sex.” 42 U.S.C. § 2000e-2(a)(l). We analyze Title VII claims under the burden-shifting test established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). See St. Mary’s Honor Ctr. v. Hicks, 509 U.S. 502, 506-08, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). A plaintiff must first establish a prima facie case of discrimination by showing: (1) she is a member of a protected class, (2) she performed the job satisfactorily or was qualified for the position, (3) an adverse employment action took place, and (4) the action occurred under circumstances giving rise to an inference of discrimination. See McDonnell Douglas, 411 U.S. at 802, 93 S.Ct. 1817; Shumway v. United Parcel Serv., Inc., 118 F.3d 60, 63 (2d Cir.1997).
Here, Mastrolillo failed to allege a prima facie case of gender discrimination. See Shumway, 118 F.3d at 63. While she was subject to adverse employment action due to the non-renewal of her teaching contract, she did not establish that she performed her job satisfactorily, *474 given the negative performance evaluations and her admitted lack of interest in teaching certain advanced level courses. Further, she failed to demonstrate that the non-renewal of her contract gave rise to an inference of discrimination because she submitted no evidence indicating that she was treated differently than men or that men were given preferential treatment. Four male faculty members did not have their teaching contracts renewed around the same time as Mastrolillo, including one male in the same department. Moreover, the decision not to renew her contract was made by the same individual who initially recommended that the college consider her for the teaching position. See Grady v. Affiliated Cent., Inc., 130 F.3d 553, 560 (2d Cir.1997) (“[W]hen the person who made the decision to fire was the same person who made the decision to hire, it is difficult to impute to [the defendant] an invidious motivation....”). Accordingly, the district court correctly granted summary judgment to the college.
With respect to Mastrolillo’s mental disability discrimination claim, the ADA prohibits discrimination against a “qualified individual [with a disability] on the basis of disability” in the “terms, conditions, and privileges of employment.” 42 U.S.C. § 12112(a). Claims alleging discriminatory discharge under the ADA are also analyzed under the McDonnell Douglas burden-shifting test. See Heyman v. Queens Village Comm. for Mental Health for Jamaica Cmty. Adolescent Program, Inc., 198 F.3d 68, 72 (2d Cir.1999). To establish a prima facie case of discrimination under the ADA, a plaintiff must show that: (1) her employer is subject to the ADA, (2) she is disabled within the meaning of the ADA, (3) she is otherwise qualified to perform the essential functions of her job, and (4) she suffered an adverse employment action because of her disability. See Jacques v. DiMarzio, Inc., 386 F.3d 192, 198 (2d Cir.2004).
The ADA defines disability, with respect to an individual, as: “(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment.” 42 U.S.C. § 12102(1); Buckley v. Consol. Edison Co. of N.Y., 127 F.3d 270, 272 (2d Cir.1997). An impairment “substantially limits” the major life activity of working if an individual is “significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities.” 29 C.F.R. § 1630.2(j)(3). “The inability to perform a single, particular job,” however, “does not constitute a substantial limitation in the major life activity of working.” Id.; see also Giordano v. City of New York, 274 F.3d 740, 747-48 (2d Cir.2001).
Here, Mastrolillo provided no evidence that she suffered from an impairment that satisfies the ADA’s definition of disability. Additionally, she failed to establish that there was a record of such disability. There does appear to be a dispute as to whether the college knew of her mental condition and thereby regarded her as disabled within the meaning of the ADA, as Mastrolillo did inform her supervisor in early 2001 that she was undergoing psychiatric care. However, even if she was “regarded as” having a disability within the meaning of the ADA, she failed to demonstrate that her contract was not renewed “on the basis of’ such disability. Accordingly, the district court correctly granted summary judgment to the college, as Mastrolillo failed to establish a prima facie case of disability discrimination.
*475 For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.