861 F.2d 267
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Johnnie WILLIAMS, Plaintiff-Appellant,
v.
William F. BOLGER, Postmaster General, United States Postal
Service, Fred M. Macguire, individually and in his official
capacity as Manager, United States Postal Service,
Management Sectional Center, Martin P. Joyce, individually
and in his official capacity as Postmaster, Hyattsville Post
Office, Rickie J. America, individually and in his official
capacity as Manager of Station Branch Operations, Adelphi
Post Office, Andrew L. Ashton, individually and in his
official capacity as Superintendent of Station Branch
Operations, Adelphi Post Office, John C. Dickey,
individually and in his official capacity as Branch Manager,
United States Postal Service, Landover Branch, Defendants-Appellees.
 No. 88-1534.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 28, 1988.
Decided Sept. 26, 1988.
 
 Johnnie Williams, Appellant pro se.
 Beth Perovich Gesner, Office of U.S. Attorney, Alice Lucille Covington U.S. Postal Service, Bruce Joel Jacobson, Office of Labor Law, for appellees.
 Before DONALD RUSSELL, SPROUSE, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Johnnie Williams appeals the judgment entered against him in his employment discrimination action filed against the Postmaster General and several postal managers and supervisors. Williams's complaint alleged race discrimination under 42 U.S.C. Sec. 2000e, 42 U.S.C. Sec. 1981, and the Fifth Amendment, and age discrimination under 29 U.S.C. Sec. 633a(a). The district court dismissed Williams's claims under 42 U.S.C. Sec. 1981 and the Fifth Amendment, and dismissed all defendants except the Postmaster General as improper parties on Williams's claims under Title VII and the Age Discrimination in Employment Act (ADEA). The court entered judgment in favor of the Postmaster General after trial of Williams's Title VII and ADEA claims. We affirm.
 
 
 2
 The remedies provided by Title VII and the ADEA for federal employment discrimination are exclusive; thus, the district court properly dismissed Williams's claims under 42 U.S.C. Sec. 1981 and the Fifth Amendment. See Brown v. General Services Administration, 425 U.S. 820, 835 (1976); Purtill v. Harris, 658 F.2d 134, 137 (3d Cir.1981), cert. denied, 462 U.S. 1131 (1983). The court also correctly held that the only proper defendant on Williams's Title VII and ADEA claims was the Postmaster General. 42 U.S.C. Sec. 2000e-16(c); Ellis v. United States Postal Service, 784 F.2d 835 (7th Cir.1986).
 
 
 3
 Upon review of the evidence presented at trial, we find no error in the district court's factual findings or in its application of the law to those facts. To obtain relief under Title VII or the ADEA, Williams was first required to show that his resignation from the postal service was, in fact, a constructive discharge. The district court found, however, that Williams had not been subjected to intolerable working conditions and that a reasonable person in his position would not have felt compelled to resign. These findings, which are supported by the record, lead to the conclusion that Williams's resignation was not a constructive discharge. See Goss v. Exxon Office Systems Co., 747 F.2d 885 (3d Cir.1984). The district court went on to find that Williams had failed to establish that the treatment of which he complained was the product of race or age discrimination. We agree that the record is devoid of evidence sufficient to establish a discriminatory motive.
 
 
 4
 On appeal Williams contends that the district judge was biased against him because he had filed so many complaints with the Equal Employment Opportunity Commission (EEOC). The record does not support this contention; to the contrary, the judge was extremely solicitous towards Williams, who was proceeding pro se, and afforded him every opportunity to prove his case. Williams also contends on appeal that the district court erred in finding one of his complaints--that he should not have had a warning letter placed in his personnel file for deviating from his route--to be moot. The district court properly found, however, that Williams had received all the relief to which he was entitled on this claim when the letter was removed from his file. Williams further claims that the district court failed to consider his complaint that a postal supervisor had perjured himself at an EEOC hearing. The district court properly rejected this complaint as failing to state a basis for relief under Title VII or the ADEA.
 
 
 5
 Finding no error in the judgment of the district court, we affirm. We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.