**Darlene M. LUCAS**

v.

**Dick CHENEY.**

**Civ. No. HM–92–606.**

United States District Court,
D. Maryland.

Oct. 8, 1992.

Darlene M. Lucas, pro se.

James G. Warwick, Asst. U.S. Atty., Baltimore, MD, for defendant.

**MEMORANDUM**

HERBERT F. MURRAY, Senior District Judge.

The plaintiff, Darlene M. Lucas, filed this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, for alleged discrimination on the basis of race and sex and for retaliation for opposing unlawful employment practices. Presently before this Court is the motion of the defendant for summary judgment.[1]

---

1. Although the motion is styled as one to dismiss under Fed.R.Civ.P. 12(b), the parties have submitted material outside the scope of the pleadings. Accordingly, this Court will treat the defendant's motion as one for summary judgment under Fed.R.Civ.P. 56.

## 1. *FACTUAL BACKGROUND*

Rule 56(c) of the Federal Rules of Civil Procedure permits a grant of summary judgment only if no genuine issues of material fact exist and the moving party is entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The burden is on the moving party to demonstrate the absence of such issues of material fact. For the purposes of deciding the present motion, this Court must construe all facts and reasonable inferences in favor of the plaintiff. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

In opposition to summary judgment, however, a party must proffer more than "a mere scintilla of evidence" to raise a genuine issue of material fact. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. Although not weighing the evidence or determining the truth for the purposes of these motions, this Court must consider "whether reasonable jurors could find by a preponderance of the evidence that [the non-moving party] is entitled to a verdict." *Id.* at 249, 252, 106 S.Ct. at 2510, 2512.

In 1988, Lucas worked in the Defense Mapping Agency at the Department of Defense ("DMA"). On February 24, 1988, Lucas telephoned her shift supervisor, Charles Wishnow, to inquire about an emergency leave of absence in connection with her husband's illness. Wishnow told Lucas that she would have to contact her first-line supervisor, Hattie Hart, in order to request the leave of absence. Although Lucas' mother called Hart, Lucas never contacted Hart personally to request the leave of absence. On February 26, 1988, Hart verbally reprimanded Lucas for failing to contact her to request the leave of absence. On April 9, 1988, Lucas filed a complaint with the Equal Employment Opportunity Commission ("EEOC") with regard to that verbal reprimand.

On August 1, 1988, Hart addressed the plaintiff with the following menacing words: "Don't mess with me—you are not messing with the average person—I will hurt you." On the following day, Lucas reported the incident to Col. David Saunders, Director of DMA, and on September 22, 1988, Lucas filed a second complaint with the EEOC.

Finally, on August 30, 1988, Lucas received a written reprimand from her second-line supervisor, Gene Martin, for an unauthorized absence. However, Martin later rescinded that letter of reprimand, and it was never placed in Lucas' personnel folder. Lucas filed a third complaint with the EEOC in connection with that reprimand.

Lucas no longer works at DMA, apparently removed due to charges of fraud unrelated to this case. In support of the pending motion, the defendant argues first, that the claims are moot, and second, that the plaintiff has failed to state a claim upon which relief may be granted.

## II. *MOTION FOR SUMMARY JUDGMENT*

■ To state a *prima facie* case for discrimination under Title VII, a plaintiff must allege (1) membership in a protected group; (2) satisfactory job performance; (3) an adverse employment action; and (4) disparate treatment. *Raley v. Board of St. Mary's County Comm'rs*, 752 F.Supp. 1272, 1278 (D.Md.1990). In this case, the defendant argues that Lucas' complaint fails to allege any adverse employment actions. This Court agrees.

■ The plaintiff in *Page v. Bolger*, 645 F.2d 227 (4th Cir.1981) (*en banc*), a Postal Service employee, complained about the racial composition of review committees that considered his application for promotion. Rejecting the plaintiff's arguments to the contrary, the court in *Page* held that the composition of the review committees was not an employment action sufficient to trigger the protections of Title VII:

it is obvious to us that there are many interlocutory or mediate decisions having no immediate effect upon employment conditions which were not intended to fall within the direct proscriptions of § 717 and comparable provisions of Title VII. We hold here merely that among the latter are mediate decisions such as those concerning composition of the review committees in the instant case that are simply

steps in a process for making such obvious end-decisions as those to hire, to promote, etc.

*Id.* at 233.

More recently, Judge William M. Nickerson of this Court examined a complaint of sexual discrimination in light of the pronouncement in *Page:*

> As a matter of law the treatment Raley received from Gerred does not rise to the level of being "ultimate employment decisions." The touchings and verbal comments were not employment decisions. Raley's employment evaluation was changed from unsatisfactory to satisfactory, the reprimand was rescinded, and the letter of caution never went on her record.

*Raley v. Board of St. Mary's County Comm'rs,* 752 F.Supp. 1272, 1278 (D.Md. 1990). The holding of this Court in *Raley* applies with equal force to the case at bar. First, Hart's threat is not an employment decision. Further, neither the verbal nor the written reprimand became part of Lucas' final employment record; indeed, Martin rescinded his letter of reprimand shortly after writing it. If the reprimands relate to any "ultimate employment decision" in Lucas' career at DMA, they represent steps in her final termination for fraud, about which Lucas does not complain in this lawsuit.

In connection with Lucas' claim of retaliation against protected activity, the same arguments apply. Although the letter of reprimand came after Lucas filed charges with the EEOC, it still does not represent an adverse employment action within the scope of Title VII.

Consequently, because Lucas has failed to state a cause of action under Title VII upon which relief may be granted, this Court will grant the defendant's motion and will dismiss this case. This Court will execute an Order on this date in accordance with the foregoing Memorandum.

### ORDER

In accordance with the Memorandum issued on this date in the above-captioned case, it is this 8th day of October, 1992, by the United States District Court for the District of Maryland,

**ORDERED:**

(1) that the motion of the defendant, Dick Cheney, to dismiss treated as a motion for summary judgment be, and the same hereby is, *Granted;*

(2) that the motion of the plaintiff, Darlene Lucas, for court-appointed counsel be, and the same hereby is, *Marked as Moot;*

(3) that the Clerk of this Court shall *Close* this case; and

(4) that the Clerk of this Court shall mail a copy of this Order with the accompanying Memorandum to all of the parties.