PUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FRANCES D. BURNS,
<u>Plaintiff-Appellant,</u>

v.

No. 98-1073

AAF-MCQUAY, INCORPORATED, a
Minnesota Corporation,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
James H. Michael Jr., Senior District Judge.
(CA-94-49-H)

Argued: December 1, 1998

Decided: January 27, 1999

Before ERVIN and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by published opinion. Judge Motz wrote the opinion, in
which Judge Ervin and Senior Judge Butzner joined.

_____

**COUNSEL**

**ARGUED:** Stephanie Rader Sipe, LITTEN & SIPE, L.L.P., Harri-
sonburg, Virginia, for Appellant. Bruce McCoy Steen, MCGUIRE,
WOODS, BATTLE & BOOTHE, L.L.P., Charlottesville, Virginia,
for Appellee. **ON BRIEF:** Donald D. Litten, Sr., LITTEN & SIPE,
L.L.P., Harrisonburg, Virginia, for Appellant. R. Craig Wood,

MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., Charlottesville, Virginia, for Appellee.

_____

**OPINION**

DIANA GRIBBON MOTZ, Circuit Judge:

Frances D. Burns brought this action against her former employer AAF-McQuay, Inc. for discrimination based on age in violation of the Age Discrimination in Employment Act (ADEA). 29 U.S.C.A. §§ 621-634 (1999). Initially Burns asserted traditional ADEA claims of discriminatory demotion and constructive discharge. Later she sought to amend her complaint to add a claim for hostile work environment; the district court refused to permit the amendment. AAF-McQuay then moved for summary judgment, which the district court granted. We affirm.

I.

Frances Burns worked for AAF-McQuay or its predecessor company from 1964 until March of 1994, when she resigned. Burns was 65 years old when she left AAF-McQuay. Shortly thereafter, Burns brought this action against her former employer alleging that her demotion from the position of secretary to that of switchboard operator constituted a discriminatory employment action and that her resignation from the company was in fact a constructive discharge, in violation of the ADEA. See 29 U.S.C.A. § 623(a). The district court granted summary judgment to the employer on both counts. On appeal, we affirmed with respect to constructive discharge and remanded for further proceedings on Burns's demotion claim. See Burns v. AAF-McQuay, Inc., 96 F.3d 728 (4th Cir. 1996).

While the case was on remand, Burns moved to amend her complaint to include a hostile environment claim and several state law claims. The district court denied Burns's motion to amend. With respect to the hostile environment claim, the court based its denial on futility because it determined that this court had not yet recognized such a cause of action under the ADEA. See Burns v. AAF-McQuay,

2

980 F. Supp. 175 (W.D.Va. 1997). AAF-McQuay then moved again for summary judgment, arguing that Burns's only surviving claim -- discriminatory demotion -- did not give rise to any relief. The district court granted the motion.

Burns appealed both orders, but she has declined to pursue the state law claims and has conceded in her brief and at oral argument that, under circuit precedent, she is entitled to no relief based on her discriminatory demotion claim. See Fariss v. Lynchburg Foundry, 769 F.2d 958 (4th Cir. 1985); Slatin v. Stanford Research Inst., 590 F.2d 1292 (4th Cir. 1979). Accordingly, the sole issue before us is whether the district court abused its discretion in denying Burns's motion to amend her complaint with respect to the hostile environment claim.

II.

Over two years after filing her original complaint, Burns moved to amend the complaint to add a hostile environment claim under the ADEA. AAF-McQuay argued that the motion should be denied because Burns's delay in filing the claim would prejudice it and because the amendment would be futile. See Johnson v. Oroweat Foods Co., 785 F.2d 503, 509-10 (4th Cir. 1986) (although delay alone is not a sufficient basis upon which to deny a motion to amend, the district court can deny such a motion if the wait is coupled with bad faith, prejudice, or futility).

The district court found that Burns's delay would not prejudice the employer but refused to permit the amendment, believing it would be futile because this court has not yet recognized a hostile environment age discrimination claim. See Burns, 980 F. Supp. at 180. We affirm, albeit for reasons somewhat different than those of the district court.

In refuting the contention that permitting amendment would prejudice her former employer, Burns maintained that her proposed amendment would result in no prejudice because the facts giving rise to the hostile environment claim were exactly the same as those supporting the age discrimination claim alleged in her original complaint. Burns asserted that no new depositions would be required and that the discovery already taken in the case so related to the proposed claim that any new discovery, if necessary at all, would be very limited.

3

We agree that, due to this overlap in the evidence, any prejudicial impact on the employer stemming from the amended complaint would be minimal, but these same assertions lead us to conclude that the proposed amendment would indeed have been futile. Given these facts, even assuming that a plaintiff can sue for hostile environment under the ADEA, Burns cannot state a viable hostile environment claim.

In order to make out a claim for hostile environment under the ADEA, Burns would be required to show (1) that she is at least 40 years old; (2) that she was harassed based on her age; (3) that the harassment had the effect of unreasonably interfering with her work, creating an environment that was both objectively and subjectively hostile or offensive; and (4) that she has some basis for imputing liability to her employer. See Crawford v. Medina Gen. Hosp., 96 F.3d 830, 834-35 (6th Cir. 1996) (recognizing hostile environment claim under ADEA); see also Faragher v. City of Boca Raton, 118 S. Ct. 2275, 2283 (1998) (citing Harris v. Forklift Systems, Inc., 510 U.S. 17 (1993), and noting that environment must be both objectively and subjectively hostile in order to make out hostile environment claim under Title VII); Hartsell v. Duplex Products, Inc., 123 F.3d 766, 772 (4th Cir. 1997) (outlining elements of hostile environment claim under Title VII).

The amendment proposed here would have been futile because Burns cannot meet the third requirement. She has forecast no evidence tending to show that the asserted offensiveness of the working environment at AAF-McQuay was sufficiently severe or pervasive to create an environment that was objectively hostile to her because of her age.

Burns testified that her supervisor, Stephen Horney, was the only person at the company who participated in discrimination against her. As evidence of the harassment she suffered at the hands of Horney, Burns pointed to an instance, in January 1994, when Horney asked her what her intentions were with respect to retirement. Burns responded that she intended to continue working until her husband retired in 1997. Horney then replied that some changes were going to be made in the department and that he was transferring Burns from her position as secretary to that of switchboard operator. Burns noted

4

that this conversation was the first time that Horney raised the subject of retirement after over a year as her supervisor. Burns also recounted that Horney told her that she did not "fit in" with his group and "that I was 65 years old and I was walking around like a child ten years old; that I should have been telling other girls in the office what to do."

In addition, Burns testified to other occasions during which Horney acted in a manner that she perceived as hostile or unfair, including the following: an incident in which Horney became angry at her for typographical errors and for failing to set up a meeting; an occasion when Horney accused her of not opening the switchboard on time when she alleges it was actually opened early; Horney's unprovoked threat to fire her from her position at the switchboard; and Horney's comments that he was allergic to her cologne and that she wore expensive clothes. Burns has put forth no evidence that any of these additional hostile words or acts, however disagreeable, were based on her age. In fact, Burns repeatedly admitted that her belief that Horney mistreated her due to her age was based on speculation and her own assumptions rather than on anything that anyone at the company actually said or did.

Thus the only comments properly attributed to Burns's age are Horney's inquiry concerning her plans for retirement, his reference to her acting like a child, and perhaps his comment that Burns did not fit in with his group. Given this evidence and our careful review of the record, we conclude that Burns has forecast insufficient evidence of an objectively hostile environment. Although the number of incidents alone can not serve as the basis for evaluating hostility, the scant number and generally mild nature of the incidents in this case combine to make the evidence insufficient. Cf. Harris, 510 U.S. at 23 (in context of Title VII hostile environment claim, court must review entire circumstance, including frequency, severity, threatening or humiliating nature of conduct, and "whether it unreasonably interferes with an employee's work performance"); Hartsell, 123 F.3d at 773 (when alleged conduct falls below the threshold of severe or pervasive harassment, allowing "claim to go to trial would countenance a federal cause of action for mere unpleasantness").

For these reasons, permitting Burns to amend her complaint would have been futile. See Shafer v. Preston Mem'l Hosp. Corp., 107 F.3d

5

274, 276, 282 (4th Cir. 1997); Bauchman v. West High Sch., 132 F.3d 542, 562 (10th Cir. 1997); Estate of Porter v. Illinois, 36 F.3d 684, 690 (7th Cir. 1994); Roth v. Garcia Marquez, 942 F.2d 617, 628 (9th Cir. 1991). Because we conclude that Burns has failed to forecast evidence tending to show a hostile environment at AAF-McQuay, we need not reach the question of whether this court would recognize a hostile environment claim under the ADEA given an adequate allegation of facts.

AFFIRMED

6