**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KARL G. BYRD, SR.,
Plaintiff-Appellant,

v.

No. 99-2653

THE BALTIMORE SUN COMPANY;
BALTIMORE GRAPHIC COMMUNICATIONS
UNION #31,
Defendants-Appellees.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CA-99-508-JFM)

Submitted: September 21, 2000

Decided: September 29, 2000

Before WILKINS, NIEMEYER, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Ralph T. Byrd, Laytonsville, Maryland, for Appellant. Howard K.
Kurman, OFFIT, KURMAN & ALMS, P.A., Owings Mills, Mary-
land; Charles Lamasa, Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Karl G. Byrd, Sr., appeals the district court's order dismissing his civil rights action alleging employment discrimination and retaliation in violation of 42 U.S.C. § 2000e-2 (1994). See also 42 U.S.C. § 1981 (1994). On appeal, Byrd suggests that the district court erred in finding that Byrd failed to allege a continuing violation of his civil rights through the Defendants' actions. Byrd also contends that the district court should not have struck his second amended complaint and should have allowed him to file a third amended complaint. Finding no reversible error, we affirm the district court's order.

This court reviews the district court's order granting judgment in the Defendants' favor in employment discrimination cases de novo. See Henson v. Liggett Group, Inc., 61 F.3d 270, 274 (4th Cir. 1995). Here, the district court correctly found that Byrd had failed to advance more than "conclusory allegations of discrimination and harassment [which] do not state a claim upon which relief can be granted." Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990). Byrd simply failed to allege that any adverse job action taken against him was motivated by racial animosity. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Neither did Byrd state a claim of a racially hostile work environment. See Hartsell v. Duplex Products, Inc., 123 F.3d 766, 772 (4th Cir. 1997). Byrd's claim of retaliatory discharge is similarly flawed in that Byrd failed to allege a causal connection between his protected activity and any adverse employment action. See Beall v. Abbott Lab., 130 F.3d 614, 618 (4th Cir. 1997). Finally, we note that the district court did not abuse its discretion in declining to allow Byrd to amend his complaint a second and a third time. See Burns v. AAF-McQuay, Inc., 166 F.3d 292, 294 (4th Cir. 1999) (noting district court may deny a motion to amend where amendment would be futile).

2

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3
0