**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

LEARIE A. DALY,
                *Plaintiff-Appellee,*

v.

JOHN ASHCROFT, Attorney General,
Department of Justice,
                *Respondent-Appellant.*

No. 01-7684

LEARIE A. DALY,
                *Petitioner-Appellant,*

v.

JOHN ASHCROFT, Attorney General,
                *Respondent-Appellee.*

No. 01-8007

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CA-01-1609-AMD, CA-01-3384-AMD)

Submitted: March 19, 2002

Decided: April 4, 2002

Before LUTTIG, MOTZ, and KING, Circuit Judges.

No. 01-7684 dismissed and No. 01-8007 affirmed by unpublished per curiam opinion.

**COUNSEL**

George W. Maugans, IMMIGRATION & NATURALIZATION
SERVICE, Baltimore, Maryland; Earle Bronson Wilson, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Appellant. Learie A. Daly, Appellee Pro Se.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Learie A. Daly is a native and citizen of Trinidad who has been in
the United States since 1976. In 1999, the Immigration and Natural-
ization Service (INS) issued a notice to appear, charging him as sub-
ject to removal under 8 U.S.C.A. § 1227(a)(2)(A)(iii) (West 1999), as
an alien convicted of an aggravated felony.

In November 2000, Daly was transferred from state custody to INS
custody and held pursuant to 8 U.S.C.A. § 1226(c) (West 1999). In
June 2001, Daly filed a petition for habeas corpus under 28 U.S.C.
§ 2241 (1994), complaining of his lengthy detention with no possibil-
ity of release. The district court concluded that Daly was entitled to
relief, and ordered the INS to provide a bail hearing before an immi-
gration judge. The Attorney General seeks to appeal that ruling in No.
01-7684. In No. 01-8007, Daly appeals the district court's ruling on
another petition complaining of his continued confinement. We have
consolidated these appeals for consideration.

We conclude that the Attorney General's appeal in No. 01-7684 is
moot. It is clear from the district court's statements in both cases that
a bail hearing has been held before an immigration judge and bail has
been set at $20,000. A federal court lacks authority to render deci-
sions on moot questions or make rulings that cannot affect the case

before it. *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992). The controversy must exist at all stages of review; on appeal, if the litigant has lost his concrete interest in the case, the appeal is moot and must be dismissed. *Toms v. Allied Bond & Collection Agency, Inc.*, 179 F.3d 103, 105 (4th Cir. 1999). "Generally, an appeal will be dismissed as moot when events occur during the pendency of the appeal which prevent the appellate court from granting any effective relief." *In re Cantwell*, 639 F.2d 1050, 1053 (3d Cir. 1981). The Attorney General challenged the district court's order that Daly must receive a bail hearing. That bail hearing has been held. Therefore, any decision we make will merely be an abstract ruling on the validity of 8 U.S.C. § 1226(c); as such, the appeal is moot.

In No. 01-8007, Daly appeals the district court order dismissing a petition challenging his continued confinement. The court held that this issue was already resolved, and Daly had added nothing to convince the court that further consideration was necessary. We conclude that the district court did not err in this ruling, and we affirm its judgment in No. 01-8007.

In No. 01-7684, we grant Daly's motion to dismiss and dismiss the appeal as moot. In No. 01-8007, we affirm the judgment below. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 01-7684 - *DISMISSED*

No. 01-8007 - *AFFIRMED*