**Nickie Jackson KEENE, Plaintiff,**

v.

**Bobby Joe THOMPSON and John E. Potter, Postmaster General, United States Postal Service, Defendants.**

No. 1:01–CV–0719.

United States District Court, M.D. North Carolina.

Aug. 26, 2002.

Nickie Jackson Keene, High Point, NC, pro se.

Lynne P. Klauer, Office of U.S. Atty., Greensboro, NC, for defendants.

### MEMORANDUM OPINION

BEATY, District Judge.

This matter comes before the Court on Defendants Bobby Joe Thompson and John E. Potter's [1] ("Defendant Thompson" and "Defendant Potter," respectively and "Defendants," collectively) Motion to Dismiss or, in the Alternative, for Summary Judgment [Document # 5] (hereinafter, "Motion to Dismiss"). Pursuant to their Motion to Dismiss, Defendants seek to have the myriad claims asserted by Plaintiff Nickie Jackson Keene ("Plaintiff") dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. For the reasons detailed below, Defendants' Mo-

tion to Dismiss is GRANTED and all claims asserted by Plaintiff against Defendants are hereby DISMISSED.

### I. FACTUAL AND PROCEDURAL BACKGROUND

At the time the events leading up to this dispute occurred, Plaintiff was employed by the United States Postal Service (the "USPS") as a distribution clerk at the Greensboro Processing and Distribution Center located in Greensboro, North Carolina. On March 1, 1999, Plaintiff filed a complaint, factually unrelated to the instant case, against various employees of the USPS alleging violations of the Family Medical Leave Act ("FMLA"), the Privacy Act, Title VII, the Inspector General's Act, and various other federal statutes. Plaintiff's action was eventually narrowed so that only Plaintiff's FMLA and Privacy Act claims remained. After a bench trial, the case was closed per United States District Judge Frank W. Bullock Jr.'s ("Judge Bullock") June 28, 2001 Order and Judgment.

In preparing for the bench trial in the above-referenced matter, Plaintiff served a subpoena on Defendant Thompson. Thereafter, a dispute arose involving whether Plaintiff assaulted Defendant Thompson by striking him three times with his fist while attempting to serve the subpoena. Plaintiff maintained that he did not strike Defendant Thompson, but rather, served the subpoena by gently laying it on Defendant Thompson's right shoulder. Nevertheless, Defendant Thompson pressed assault charges against Plaintiff. On June 7, 2001, however, Plaintiff was acquitted of the charges asserted against him.

---

1. As the caption to this matter indicates, John E. Potter is the Postmaster General for the United States Postal Service.

Prior to his acquittal, on April 27, 2001, Plaintiff met with an Equal Employment Opportunity Counselor (an "EEO Counselor"). As part of this counseling session, Plaintiff completed a PS Form 2564–A, Information for Precomplaint Counseling, in which Plaintiff alleged that he was discriminated against on the basis of his race, age, and physical and/or mental disability. Plaintiff explained that this alleged discrimination manifested itself through the assault charges that were filed by Defendant Thompson. Specifically, Plaintiff claimed that the assault charges were filed in retaliation for the prior lawsuit that Plaintiff initiated on March 1, 1999.

Thereafter, on June 6, 2001, the USPS issued Plaintiff a notice of suspension, which Plaintiff subsequently received on June 9, 2001. The notice of suspension stated that Plaintiff was to be suspended for a period of fourteen calendar days because of two particular violations that purportedly justified his suspension. First, the notice charged Plaintiff with being absent from his work station without authorization on March 14, 2001 when he admittedly left his work area to serve the subpoena on Defendant Thompson. Second, the notice charged Plaintiff with improper conduct both because he touched Defendant Thompson without consent when he placed the subpoena on his shoulder and because he took two other employees along to witness the serving of the subpoena without permission to have such individuals accompany him. Notably, Plaintiff never served the fourteen-day suspension. In fact, the matter was resolved with the grievance process and ultimately removed from Plaintiff's discipline file.

On June 18, 2001, however, Plaintiff again met with an EEO Counselor. Plaintiff also completed another PS Form 2564–A, Information for Precomplaint Counseling, this time alleging that he had been discriminated against on the basis of his race, sex, age, and in retaliation for his past Equal Employment Opportunity activity when the fourteen-day suspension was issued against him. Plaintiff also alleged that he was harassed by his supervisor and denied the opportunity to speak to a Postal Investigator. In connection with this counseling session, on June 25, 2001, Plaintiff was issued a Notice of Right to File Individual Complaint, in which Plaintiff was instructed that he had fifteen days within which to file a Formal Complaint with the USPS. Notably, Plaintiff never filed a Formal Complaint for the claims he contends were related to his initial fourteen-day suspension. Instead, he instituted the instant matter in this Court on July 24, 2001.

Although Plaintiff's Complaint [Document # 1] is not entirely clear, due to his pro se status, it must be read generously. With that in mind, it appears that Plaintiff's Complaint alleges that the USPS took retaliatory action against him due to the previous civil action asserted on March 1, 1999 in this Court and resolved by Judge Bullock's June 28, 2001 Order and Judgment. Plaintiff claims that this retaliation was carried out through the fourteen-day suspension asserted against him and through the creation of a hostile work environment based on race, age, physical disability, and gender. Plaintiff appears to further claim that such retaliatory action violates the FMLA. Therefore, in light of Plaintiff's pro se status, and the types of discrimination he references, it appears that his present claims may be based on several federal statutes, including Title VII (race and gender discrimination), the Age Discrimination in Employment Act (the "ADEA") (age discrimination), the Americans with Disabilities Act (the "ADA") (disability discrimination), the Rehabilitation Act (also disability discrimination), and the FMLA. Essentially arguing

that Plaintiff has failed to state a claim upon which relief may be granted with respect to all of his claims, Defendants filed the instant Motion to Dismiss.[2] After a brief summary of the relevant standard, the Court will address Defendants' Motion to Dismiss as it relates to each of Plaintiff's claims.

## II. DISCUSSION

In considering a motion to dismiss for failure to state a claim upon which relief may be granted, dismissals are allowed only in very limited circumstances. *Rogers v. Jefferson–Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir.1989). A court should not dismiss a complaint, or any particular allegation contained therein, "unless it appears certain that the plaintiff can prove no set of facts which would support [his] claim and would entitle [him] to relief." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993), *cert. denied*, 510 U.S. 1197, 114 S.Ct. 1307, 127 L.Ed.2d 658 (1994). In making this determination, a court must view the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1956, 131 L.Ed.2d 849 (1995). Nevertheless, if a complaint fails to sufficiently state facts to support each element of the claims asserted therein, dismissal for failure to state a claim is proper. *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir.2002).

### A. Plaintiff's Title VII Claims

■ As indicated previously, Plaintiff's pro se Complaint appears to assert claims for race and gender discrimination under Title VII of the Civil Rights Act of 1964.[3] (*See* Compl., at ¶ 1.) It appears, however, that Plaintiff has failed to exhaust his administrative remedies, as required under Title VII. *See Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir.2002). Specifically, employees of the federal government who believe they have been discriminated against must first consult an EEO Counselor prior to filing a Formal Complaint with their employer. 29 C.F.R. § 1614.105(a). The purpose of this provision is to try to resolve the matter informally. *Id.* If the matter cannot be resolved in this fashion, the EEO Counselor is required to notify the aggrieved individual in writing of the right to file a Formal Complaint "within fifteen days of receipt of the notice." 29 C.F.R. § 1614.105(d). The record indicates that Plaintiff met with an EEO Counselor (on two occasions) and was issued the requisite Notice of Right to File Individual Complaint on June 25, 2001. Plaintiff, however, never filed a Formal Complaint with the USPS, as required under 29 C.F.R. § 1614.106. Instead, Plaintiff improperly sought direct relief from this Court. Because Plaintiff failed to exhaust his administrative remedies, he has not sufficiently stated his purported Title VII claims. *See Blount v. Shalala*, 199 F.3d 1326, No. 99–1391, 1999 WL 978892 (4th Cir. Oct.28, 1999) (unpub-

**2.** Defendants also attempt to support their Motion to Dismiss by claiming that this Court is without subject matter jurisdiction to hear some of Plaintiff's claims. As this Memorandum Opinion explains, however, the primary arguments asserted by Defendants in their Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss are not jurisdictional in nature. Accordingly, unless otherwise indicated, the Court will treat the instant matter as a Motion to Dismiss for

failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).

**3.** Title VII provides, in pertinent part, that it is unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1).

lished opinion) (affirming the district court's dismissal where the plaintiff's Formal Complaint was not filed within the fifteen-day time limit).[4]

 Although it is not entirely clear, the Court notes that the Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss may be read to suggest that Plaintiff's failure to exhaust his administrative remedies is jurisdictional in nature such that this Court is without subject matter jurisdiction to hear Plaintiff's Title VII claims. To the extent that Defendants have asserted such a position, the Court finds it to be unpersuasive. Under Fourth Circuit law, failure to exhaust administrative remedies is not a jurisdictional bar for federal employees seeking relief under Title VII. *See, e.g., Zografov v. V.A. Med. Ctr.,* 779 F.2d 967, 968–69 (4th Cir.1985). *But see Sims v. Heckler,* 725 F.2d 1143, 1145–46 (7th Cir. 1984) (holding that the time limit is a jurisdictional bar). As a result, such a failure may be subject to equitable tolling in appropriate circumstances. *Zografov,* 779 F.2d at 969; *see also Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 95–96, 111 S.Ct. 453, 457–58, 112 L.Ed.2d 435 (1990) (discussing the use of equitable tolling in suits against the United States). Given the circumstances of this case, however, this Court finds that Plaintiff is not entitled to equitable relief for his failure to comply with the appropriate administrative procedures. It is clear that Plaintiff had an understanding of the administrative process, based upon the fact that he had twice previously met with an EEO Counselor as required under 29 C.F.R. § 1614.105. Furthermore, Plaintiff received the requisite Notice of Right to File Individual Complaint with the USPS. Perhaps most compelling is the fact that Plaintiff did not simply miss the deadline for filing his Formal Complaint. He never filed it. This action suggests that Plaintiff's ignoring the Notice of Right to File Individual Complaint that was provided by the EEO Counselor was not merely coincidental. Therefore, this Court finds that Plaintiff has failed to demonstrate a sufficient basis for equitable relief for his failure to comply with the appropriate administrative guidelines.[5] *See Irwin,* 498 U.S. at 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 ("We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights."). Accordingly, for the reasons explained directly above, Defendants' Motion to Dismiss is GRANTED to the extent that Plaintiff's Title VII claims are hereby DISMISSED.[6]

4. Even though *Blount* is an unpublished opinion, this Court finds it to be well-reasoned and therefore recognizes it here as persuasive authority.

5. It is important to note that Plaintiff did not even address the fact that he failed to comply with the administrative requirements for Title VII claims in his brief.

6. Even if the Court were to apply the doctrine of equitable tolling to excuse Plaintiff's failure to follow the administrative requirements for a Title VII action, his claims would still fail for the following additional reasons. First, the Court notes that in a Title VII suit brought by a federal employee, the *only* proper defendant is the head of the agency—in this case, the Postmaster General. *See, e.g., Ellis v. United States Postal Service,* 784 F.2d 835, 838 (7th Cir.1986); *see also Williams v. Bolger,* 861 F.2d 267, No. 88–1534, 1988 WL 105284 (4th Cir. Sept.26, 1988) (unpublished opinion) (citing *Ellis* and stating that the district court "correctly held that the only proper defendant on [the] Title VII and ADEA claims was the Postmaster General"). Therefore, to the extent that Plaintiff has named Defendant Thompson in this suit, his Title VII claims could only proceed with respect to the Postmaster General, that is, Defendant Potter.

Second, to the extent that any Title VII claims would remain against Defendant Potter, they would fail because Plaintiff has not alleged that he suffered an adverse employment action. *Ali v. Alamo Rent–A–Car, Inc.,* 8

## B. Plaintiff's Remaining Claims

In addition to his claims under Title VII, Plaintiff's Complaint also appears to assert claims under the ADEA, the ADA, the Rehabilitation Act, and the FMLA. The Court notes, however, that in his Response to Defendants' Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss, or, in the Alternative, for Summary Judgment (Plaintiff's "Response"), Plaintiff significantly narrows the scope of this case by apparently abandoning all claims except for those asserted pursuant to Title VII. (Resp., at 3 (stating that Plaintiff only seeks relief under Title VII even though, in his opinion, the ADEA, the ADA, the Rehabilitation Act, and the FMLA are "issues").) Accordingly, Plaintiff's Complaint is subject to dismissal in its entirety due to Plaintiff's apparent abandonment of his non-Title VII claims. In any event, even if Plaintiff's Response is construed as preserving his remaining claims, they would nevertheless fail for the reasons explained below.

### 1. Plaintiff's ADEA Claim

█ As noted previously, Plaintiff's Complaint appears to allege a claim for age discrimination under the ADEA.[7] To the extent Plaintiff has asserted his claim for age discrimination against Defendant Thompson, the Court notes that, as with the Title VII claims, the only proper Defendant in an ADEA action brought by a federal employee is the head of the agency. *See, e.g., Ellis v. United States Postal Service,* 784 F.2d 835, 838 (7th Cir.1986); *see also Williams v. Bolger,* 861 F.2d 267, No. 88–1534, 1988 WL 105284 (4th Cir. Sept.26, 1988) (unpublished opinion) (citing *Ellis* and stating that the district court "correctly held that the only proper defendant on [the] Title VII and ADEA claims was the Postmaster General"). Therefore, because he is not a proper party to this

---

Fed. Appx. 156, 159 (4th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 323, 151 L.Ed.2d 241 (2001) (unpublished opinion) (claiming that a Title VII plaintiff must allege an adverse employment action to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)). In order to state a prima facie Title VII case, Plaintiff must allege facts to support the following four elements: 1) that he is a member of a protected class; 2) that he was qualified for the job and that his job performance was satisfactory; 3) that he suffered an adverse employment action; and 4) that he was treated differently than other similarly situated employees. *Hughes v. Bedsole,* 48 F.3d 1376, 1383 (4th Cir.), *cert. denied,* 516 U.S. 870, 116 S.Ct. 190, 133 L.Ed.2d 126 (1995). The only employment action referenced by Plaintiff, however, is the notice of suspension that was issued to Plaintiff on June 6, 2001. The Court notes, though, that the suspension was never served and was ultimately removed from Plaintiff's discipline file. For those reasons, it does not qualify as an adverse employment action for purposes of Title VII. *See, e.g., Lucas v. Cheney,* 821 F.Supp. 374, 376 (D.Md.1992), *aff'd,* 991 F.2d 790, 1993 WL 120483 (4th Cir.1993) (reprimands that were not part of the employ-

ee's discipline file were not considered adverse employment actions).

With respect to Plaintiff's claim that he was subjected to a hostile work environment, the Court notes that Plaintiff provides no factual basis for the alleged hostile work environment outside of isolated comments from other employees of the USPS. Furthermore, Plaintiff offers no nexus to link the alleged hostile work environment harassment to his race and/or gender. *See Smith v. First Union Nat'l Bank,* 202 F.3d 234, 241 (4th Cir.2000) (outlining the elements to establish a hostile work environment claim). Accordingly, even if the Court were to excuse Plaintiff's failure to follow the administrative requirements for a Title VII claim, his claims for race and gender discrimination would nonetheless fail.

7. Mirroring the language of Title VII, the ADEA provides that it is unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The provisions of the ADEA only protect individuals who are at least 40 years of age, though. 29 U.S.C. § 631(a).

action, Plaintiff's ADEA claim must fail as it relates to Defendant Thompson.

Plaintiff has also apparently asserted an ADEA claim against Defendant Potter, the Postmaster General. Essentially, Plaintiff's ADEA claim against Defendant Potter mirrors his Title VII claims in that he asserts that he was retaliated against because of his prior lawsuit through the imposition of the fourteen-day suspension and the creation of a hostile work environment based on age. As the Court indicated in note 6, *supra*, in connection with the consideration of Plaintiff's Title VII claims, the notice of suspension that was delivered to Plaintiff does not qualify as an adverse employment action for purposes of employment discrimination. This is because the suspension was never served and all record of it was removed from Plaintiff's discipline file. *See, e.g., Lucas v. Cheney*, 821 F.Supp. 374, 376 (D.Md.1992), *aff'd*, 991 F.2d 790, 1993 WL 120483 (4th Cir.1993) (reprimands that were not part of the employee's discipline file were not considered adverse employment actions).

■ In apparent support of his hostile environment claim, Plaintiff claims that he was denied his right to seek relief through a United States Postal Inspector and was subjected to false assault charges with the local police authorities. (Compl., at ¶ 5.) Plaintiff fails, however, to offer any indication that these referenced actions that purportedly created a hostile work environment were related to his age. *See Burns v. AAF–McQuay, Inc.*, 166 F.3d 292, 294 (4th Cir.1999) ("In order to make out a claim for hostile work environment under the ADEA, [the plaintiff must] show (1) that [he] is at least 40 years old; (2) that [he] was harassed based on [his] age; (3) that the harassment had the effect of unreasonably interfering with [his] work, creating an environment that was both objectively and subjectively hostile or offensive; and (4) that [he] has some basis for imputing liability to [his] employer."). Plaintiff, therefore, has not met the requirements to state a prima facie hostile environment case under the ADEA. Accordingly, for the reasons explained above, and because Plaintiff has effectively abandoned his ADEA claim, Defendants' Motion to Dismiss is GRANTED to the extent that Plaintiff's age discrimination claim under the ADEA is hereby DISMISSED.[8]

### 2. Plaintiff's ADA Claim

■ Plaintiff's Complaint can also be read as asserting a claim for disability

---

**8.** As an additional basis for finding that Plaintiff has failed to state a claim under the ADEA, the Court notes that nowhere in Plaintiff's Complaint does he allege that he is over age 40. Plaintiff has also failed to properly exhaust his administrative remedies under the ADEA, although his attempt was considerably more diligent than with respect to his Title VII claims. As an alternative to the exhaustion requirements for federal employees seeking to assert Title VII claims, a claimant under the ADEA may seek relief directly from the United States district courts provided he first provides the EEOC with thirty days' notice. 29 C.F.R. § 1614.210(a). This notice must be filed in writing within 180 days of the occurrence of the alleged unlawful practice. *Id.* The Court notes that although Plaintiff did write the EEOC on July 9, 2001 giving notice of his intent to file a civil action against the USPS, he did not provide the proper notice, for his Complaint was filed on July 24, 2001— only 15 days after he gave notice to the EEOC.

Finally, although this Court is not seeking to transform the instant matter into a motion for summary judgment, is does not appear that Plaintiff can establish that the behavior allegedly asserted against him was objectively hostile or offensive. The identified incidents (refusing to accept a subpoena, falsifying a police report, requiring Plaintiff to perform work in a manner that allegedly caused injury, and denying Plaintiff's request to speak with a Postal Investigator), assuming they occurred as described by Plaintiff, are isolated and not particularly egregious in nature.

discrimination under the ADA.[9] To the extent that Plaintiff alleges such a claim, though, it must fail because according to the express terms of the ADA, neither Defendant Thompson nor the USPS is an "employer" against which such claims may be brought. 42 U.S.C. § 12111(2), (5)(B)(i); *see Webster v. Henderson,* 32 Fed. Appx. 36, 41 (4th Cir.2002) (unpublished opinion) ("At the outset, we easily dispose of Counts III and IV of [the] plaintiffs' complaint under the ADA because [the] USPS is not an 'employer' under the express terms of the Act."). As a result, Defendants' Motion to Dismiss is GRANTED to the extent that Plaintiff's claim for disability discrimination under the ADA is hereby DISMISSED.

### 3. Plaintiff's Rehabilitation Act Claim

 Although Plaintiff's claim for disability discrimination is not cognizable under the ADA, Plaintiff's Complaint may be construed to seek relief under the Rehabilitation Act, which prohibits programs that receive federal funding, and specifically the USPS, from discriminating on the basis of disability.[10] *Davis v. Univ. of N.C. at Wilmington,* 263 F.3d 95, 98–99 (4th Cir.2001). To properly state a claim under the Rehabilitation Act, Plaintiff must establish that he has a disability as defined under the Rehabilitation Act,[11] that he is otherwise qualified for the program at issue—that is, employment with the USPS, and that he was discriminated against by the USPS solely on the basis of his disability. *Davis,* 263 F.3d at 99; *Baird v. Rose,* 192 F.3d 462, 469–70 (4th Cir.1999); *see also Sellers v. Sch. Bd. of Mannassas,* 141 F.3d 524, 528 (4th Cir.), *cert. denied,* 525 U.S. 871, 119 S.Ct. 168, 142 L.Ed.2d 137 (1998) (stating that the "solely because of" standard applies to claims asserted under the Rehabilitation Act). Although Plaintiff's Complaint includes the conclusory statement that he is "disabled," it does not identify the claimed disability and provides no factual basis upon which a finding of disability could be based. Without making an attempt to identify his disability, or at least describing the effect the claimed disability has on his life, Plaintiff cannot satisfy the elements of his prima facie case under the Rehabilitation Act. *See Buckley v. Consol. Edison Co. of N.Y., Inc.,* 127 F.3d 270, 272 (2d Cir.1997) (noting that to state a claim for disability discrimination, a plaintiff must allege facts sufficient to support a finding of disability).[12] In sum, Plaintiff

---

**9.** The ADA essentially provides that an employer may not discriminate against a qualified individual with a disability regarding the compensation, terms, conditions, or privileges of employment. 42 U.S.C. § 12112(a). A qualified individual is a person who can perform the essential functions of the job at issue in spite of his disability either with or without a reasonable accommodation. *Tyndall v. Nat'l Educ.Ctrs. Inc. of Cal.,* 31 F.3d 209, 212–213 (4th Cir.1994).

**10.** Specifically, the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination ... by the United States Postal Service." 29 U.S.C. § 794(a).

**11.** "An individual is disabled under the ... Rehabilitation Act if he or she: (1) has a physical or mental impairment that substantially limits one or more of the individual's major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment." *Davis,* 263 F.3d at 99; *see* 29 U.S.C. § 705(20)(B).

**12.** The Court notes that *Buckley* was decided under the ADA. It is still instructive on the issue of disability, however, because the two statutes are so similarly worded. *See* 29 U.S.C. § 794(d) (stating that the standards used to evaluate a claim for disability discrimination under the Rehabilitation Act are the same standards that are used in connection with the ADA).

has not alleged that he is disabled within the meaning of the Rehabilitation Act, and certainly has not alleged that he was discriminated against solely on the basis of his purported disability.[13] Accordingly, this Court must find that Plaintiff's attempt to allege a claim under the Rehabilitation Act fails to state a claim upon which relief may be granted.

The Court further notes that, as explained in connection with the discussion of the Title VII and ADEA claims, Plaintiff has not alleged sufficient facts to support the existence of an adverse employment action or a hostile work environment based on disability.[14] Therefore, for the reasons explained above, and because Plaintiff appears to have abandoned all claims except those brought under Title VII, Defendants' Motion to Dismiss is GRANTED to the extent that any claim Plaintiff may have asserted under the Rehabilitation Act is hereby DISMISSED.

#### 4. Plaintiff's FMLA Claim

The Court notes that Plaintiff's Complaint also references the FMLA. To the extent that Plaintiff has attempted to allege a cause of action for discrimination under the FMLA, Plaintiff has failed to state a claim upon which relief may be granted. As an initial matter, the Court notes that the purpose of the FMLA is to provide workers with "reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child,

spouse, or parent who has a serious health condition." 29 U.S.C. § 2601(b)(2). The FMLA does provide, however, that an employer may not discriminate or retaliate against an employee for availing himself of the rights protected by the FMLA. 29 U.S.C. § 2615. To make out a prima facie case under § 2615 of the FMLA, an employee must show:

1) that he availed himself of a protected right under the FMLA;

2) that he was adversely affected by an employment decision; and

3) that there is a causal connection between the employee's protected activity and the employer's adverse employment action.

*Hodgens v. Gen. Dynamics Corp.,* 144 F.3d 151, 161 (1st Cir.1998); *see Nichols v. Ashland Hosp. Corp.,* 251 F.3d 496, 502 (4th Cir.2001) (citing *Hodgens* in discussing the prima facie case of discrimination under FMLA). Even if Plaintiff's Complaint is read in the most generous light, it nevertheless fails to identify the provision of the FMLA under which he allegedly sought relief. Additionally, as previously stated, Plaintiff's attempt to state an FMLA claim would also fail because Plaintiff has not alleged sufficient facts to support a finding of an adverse employment action. Finally, the Court notes that Plaintiff has offered absolutely no causal connection to link the alleged adverse action to his purported use of the FMLA. In

---

**13.** It is important to note that the Rehabilitation Act requires that the alleged discrimination be based *solely* on the claimant's disabling condition. The ADA does not have this exclusivity requirement. *See Baird v. Rose,* 192 F.3d 462, 469 (4th Cir.1999) (discussing the causative link between discrimination and adverse action in ADA claims and Rehabilitation Act claims).

**14.** Although the Fourth Circuit has yet to consider whether a claim for hostile work environment under the Rehabilitation Act is via-

ble, the Court assumes, based on the fact that such a claim may be asserted under the ADA, that such a cause of action does exist. *See Hoffman v. Brown,* No. 1:96CV225–C, 1997 WL 827526, at *6 (Oct. 24, 1997 W.D.N.C. 1997), *aff'd,* 201 F.3d 436, 1999 WL 1040124 (4th Cir.1999) (assuming that a hostile work environment claim is actionable under the Rehabilitation Act); *see also Fox v. Gen. Motors Corp.,* 247 F.3d 169, 176 (4th Cir.2001) (holding, as a matter of first impression, that a hostile work environment claim is cognizable under the ADA).

fact, Plaintiff's Complaint does not even address this issue. As a result, and because Plaintiff has apparently abandoned his FMLA claim, the Court must find that Plaintiff's attempted FMLA claim fails. Therefore, Defendants' Motion to Dismiss is GRANTED to the extent that any claim Plaintiff may have asserted under the FMLA is hereby DISMISSED.

### 5. Plaintiff's Potential State Law Claims

In listing the actions that Plaintiff claims amount to violations of the various statutes discussed above, the Court notes that Plaintiff mentions defamation, slander, malicious prosecution and filing a false police report. Although Plaintiff's Complaint does not appear to allege claims based on those causes of action, given Plaintiff's pro se status, the Court felt it necessary to address them to the extent an exceedingly generous reading of the Complaint may bring such claims into issue.

 To the extent that Plaintiff has attempted to allege claims for defamation, slander, malicious prosecution, and filing a false police report against the Postmaster General, that is, Defendant Potter, the Court notes that the Federal Tort Claims Act (the "FTCA") provides the exclusive remedy for individuals seeking to sue the federal government for wrongful acts committed within the scope of employment. *See* 28 U.S.C. § 2679. The FTCA, however, does not apply to claims arising out of libel, slander, misrepresentation, and deceit. 28 U.S.C. § 2680(h). As a result, to the extent these claims may be gleaned from Plaintiff's Complaint, this Court finds that it lacks subject matter jurisdiction over Plaintiff's claims for defamation, slander, malicious prosecution, and filing a

false police report.[15] To the extent Plaintiff's Complaint may be read to assert these claims against Defendant Thompson, the Court, due to the failure of the related federal claims, declines to exercise supplemental jurisdiction over these purported state law claims. Accordingly, Defendants' Motion to Dismiss is GRANTED to the extent that any claims Plaintiff may have asserted for defamation, slander, malicious prosecution, and filing a false police report are hereby DISMISSED.

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED and all claims asserted by Plaintiff against Defendants are hereby DISMISSED.

An Order and Judgment consistent with this Memorandum Opinion will be filed contemporaneously herewith.

---

15. Even though this Memorandum Opinion primarily addresses Federal Rule of Civil procedure 12(b)(6) (failure to state a claim upon which relief may be granted), Defendants also, as noted previously, brought the instant Motion to Dismiss pursuant to Rule 12(b)(1) for want of subject matter jurisdiction. *See supra,* note 2.